IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JUSTIN R., by and through his ) CIVIL NO. 10-00657 LEK-RLP
mother JENNIFER R.,            )
                               ) AMENDED FINDINGS AND
              Plaintiffs,      ) RECOMMENDATION TO GRANT IN PART
                               ) AND DENY IN PART PLAINTIFFS'
          vs.                  ) MOTION FOR AWARD OF ATTORNEY'S
                               ) FEES AND COSTS
KATHRYN MATAYOSHI, in her      )
official capacity as           )
Superintendent of the Hawaii   )
Public Schools; and            )
DEPARTMENT OF EDUCATION,        )
STATE OF HAWAII,               )
                               )
              Defendants.      )
_____ )


AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS[1]

        Before the Court is Plaintiffs' Motion for Award of

Attorney's Fees and Costs ("Motion"), filed on September 5, 2011.

Plaintiffs request an award of $66,560.00 in attorneys' fees and

$865.09[2] in costs.  Defendants Kathryn Matayoshi and Department

of Education, State of Hawaii ("Defendants") filed a Memorandum

_____

        [1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1)(B), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

        [2] Plaintiffs request varying amounts for costs in this case.
See Mot. at 2; Mem. in Support of Mot. at 14 (requesting $865.09
in costs); Mem. in Support of Mot. at 15 (requesting $959.14 in
costs).  However, the line item list of costs provided by
Plaintiffs accounts for $865.09 in costs.  See Mem. in Support of
Mot. at 14; Ex. A to Mot. at 5, Ex. B to Mot. at 4.

in Opposition to Plaintiffs' Motion.  Docket No. 40.  Plaintiff
filed a Reply Memorandum In Support of their Motion.  Docket No.
41.  The Court found this matter suitable for disposition without
a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice
of the United States District Court for the District of Hawaii on
September 6, 2011.  Docket No. 38.

On November 18, 2011, the Court issued its Findings and
Recommendation to grant in part and deny in part Plaintiffs'
Motion.  In its Findings and Recommendation, the Court granted
Plaintiffs until November 28, 2011, to file supplemental briefing
regarding additional fees and costs.  Plaintiffs filed a timely
supplemental request for attorneys fees seeking $9,445.02 in
additional fees and costs.  See Docket No. 43, Plaintiffs'
Supplemental Brief for a Determination of Additional Attorney's
Fees ("Supplemental Brief") at 2.  Defendants filed an untimely
response on December 12, 2011.  Docket No. 45.  Given Defendants'
failure to comply with the Court's prior briefing order, the
Court allowed Plaintiffs additional time to file a reply, which
Plaintiff did on December 22, 2011.  See Docket Nos. 48, 49.

The Court issues this Amended Findings and
Recommendation, which addresses both the initial Motion and the
Supplemental Brief regarding additional fees.  After carefully
reviewing the parties' initial submissions, the supplemental
submissions, and the relevant legal authority, the Court FINDS
and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND

DENIED IN PART.

## I. The Administrative Proceedings

Plaintiffs filed a request for impartial hearing on June 18, 2010. The request for impartial hearing identified several concerns including whether tutoring sessions for Student, which were agreed to in a prior settlement agreement, had been provided by Defendants and incorporated into Student's individualized educational programs ("IEP"). Mem. in Support of Mot. at 5. The administrative hearing on the matter was held on September 8 and 9, 2010. Id. at 2. The hearings officer determined that Plaintiffs were essentially seeking to enforce an earlier settlement agreement, which he determined he lacked subject matter jurisdiction to enforce. See Legend; Findings of Fact, Conclusions of Law and Decision, attached as Ex. A to Compl. at 10. The hearings officers dismissed Plaintiffs' request for impartial hearing on October 11, 2010, See id.

## II. The Judicial Appeal

Plaintiffs filed this action appealing the decision dismissing Plaintiffs' request for impartial hearing pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"),

---

[3] Only the factual and procedural background necessary for disposition of the Motion are recited herein. The full factual and procedural background is set forth in detail in the court's prior order.

20 U.S.C. § 1400 et seq., on November 10, 2010.

United States District Judge Leslie E. Kobayashi issued an Order Affirming in Part and Reversing in Part the Hearings Officer's October 11, 2010 Decision on June 17, 2011 ("June 17 Order"). First, the court held that the hearings officer did not have subject matter jurisdiction over the portion of the request for impartial hearing that sought enforcement of the earlier settlement agreement and affirmed that part of the decision. June 17 Order at 25. Second, the Court determined that the hearings officer did have subject matter jurisdiction over the portions of the request for impartial hearing that called into question Student's IEP and Defendants' alleged failure to review Student's reading and math goals. Id. at 29-30. The court reversed and remanded that portion of the hearings officer's decision. Id. at 34-35. The court also stated that the hearings officer could consider the earlier settlement agreement on remand to the extent it was relevant to the other issues properly before him. Id. at 30.

### III. Settlement

Following the June 17 Order, this Court held a settlement conference with the parties on July 6, 2011. Docket No. 34. The parties reached a settlement at that conference and filed a written stipulation agreeing that the court retain jurisdiction to determine whether Plaintiffs were entitled to

4

reasonable attorney's fees and costs.  See id.; Docket No. 36.

The settlement agreement, attached as Exhibit A to the Declaration of Counsel submitted in support of Defendants' Opposition ("Settlement Agreement"), included the following terms:

1.   The Department of Education, State of Hawaii ("DOE") agreed to pay a portion of Student's community college tuition;

2.   The DOE agreed to provide Student with twenty hours of remedial math tutoring and twenty hours of remedial reading tutoring;

3.   The parties agreed to dismiss the remand of the request for impartial hearing and not to appeal the June 17 Order; and

4.   The parties agreed that this Court "shall retain jurisdiction to determine the issue of Plaintiffs' entitlement to reasonable attorney's fees and costs, if any, in the even the parties are unable to resolve the issue on their own." Ex. A to Decl. in Support of Opp. at 2-3, ¶¶ 1-6.  The Settlement Agreement provided that neither party was admitting any wrongdoing by entering into the settlement.  Id. at 2.  The instant Motion followed.

**I.  Prevailing Party Status**

Under IDEA a prevailing party is entitled to seek attorney's fees and costs.  <u>See</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability.").  Generally, parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (quoting <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-79 (1st Cir. 1978)).  "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought."  <u>Van Duyn v. Baker Sch. Dist. 5J</u>, 502 F.3d 811, 825 (9th Cir. 2007) (citing <u>Parents of Student W. v. Puyallup Sch. Dist., No. 3</u>, 31 F.3d 1489, 1498 (9th Cir. 1994); <u>Park v. Anaheim Union High Sch. Dist.</u>, 464 F.3d 1025, 1034-37 (9th Cir. 2006)).  Additionally, the change in the parties' legal relationship must be judicially sanctioned.  <u>See P.N. v. Seattle Sch. Dist. No. 1</u>, 474 F.3d 1165, 1171 (9th Cir. 2007) (citing <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001)).  The Court finds that Plaintiffs are the prevailing party for purposes of IDEA based on the Settlement Agreement entered into between the parties.

First, Plaintiffs obtained some relief on the merits of their claims through the Settlement Agreement, which requires the DOE to provide remedial tutoring in math and reading and pay certain tuition costs for Student. Ex. A to Decl. in Support of Opp. at 2. This result was "some of the benefit [Plaintiffs] sought in bringing suit." Hensley, 461 U.S. at 433.

Second, there is no dispute that the parties agreed that the Court would retain jurisdiction to decide the issue of attorneys fees and costs. See Ex. A to Decl. in Support of Opp. at 3, ¶ 6; Docket No. 36, Stipulation for Retention of Jurisdiction, filed July 18, 2011. A legally enforceable settlement agreement that provides that the court retains jurisdiction over the issue of attorneys' fees is sufficient to convey "judicial imprimatur" over the settlement. See Richard S. v. Dep't of Developmental Serv. of Cal., 317 F.3d 1080, 1087 (9th Cir. 2003) ("[t]hrough [the parties'] legally enforceable settlement agreement and the district court's retention of jurisdiction [to resolve the issue of fees and costs], plaintiffs obtained a judicial imprimatur that alters the legal relationship of the parties."); Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 n.5 (9th Cir. 2002), cert. denied, 537 U.S. 820 (2002) (finding that "the parties, in their settlement, agreed that the district court would retain jurisdiction over the issue of attorneys' fees, thus providing sufficient judicial oversight

to justify an award of attorneys' fees and costs"); see also P.N. v. Seattle School District No. 1, 474 F.3d 1165, 1173 (9th Cir. 2007) (finding that there was no "judicial imprimatur" of the settlement agreement at issue where the agreement did not contemplate any judicial enforcement and the matter of attorneys' fees and costs "was not referred to any court."). Based on the parties' settlement and agreement that this Court retain jurisdiction to decide the issue of fees, the Court concludes that Plaintiffs are the prevailing party for purposes of IDEA and are entitled to an award of reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B).

## II. Calculation of Attorney's Fees

Courts use the lodestar method for calculating an award of reasonable attorney's fees in IDEA cases. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). A reasonable fee is determined by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433.

Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean

8

Air, 483 U.S. 711, 728 (1987).  However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors:  the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.  See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n. 4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Plaintiffs request the following attorney's fees, excluding general excise tax, for work performed by their counsel, Irene E. Vasey:

| PROCEEDING | HOURS | RATE | TOTAL |
|---|---|---|---|
| Administrative Hearing | 145.70 | $200.00 | $29,140.00 |
| Judicial Appeal | 187.10 | $200.00 | $37,420.00 |
| Supplemental Request | 45.10 | $200.00 | $9,020.00 |
| **TOTAL** | | | **$75,580.00** |

A.  Reasonable Hourly Rate

In determining whether an hourly rate is reasonable,

the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable. See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1263 (9th Cir. 1987). Although Plaintiffs' counsel failed to provide additional evidence that the rates charged are reasonable, based on the Court's knowledge of the prevailing rates in the community, the hourly rates generally granted by the Court, and the Court's familiarity with this case, the Court finds that the hourly rate of $200.00 requested by Ms. Vasey is reasonable.

B.  Reasonable Hours Spent

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397. The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the

results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co.,

821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The

opposing party then has the burden of rebuttal that requires

submission of evidence challenging the accuracy and

reasonableness of the hours charged.  Gates, 987 F.2d at 1397-98.

The court is required to explain how it made its fee

determination in a comprehensible, but not elaborate, fashion.

Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir.

2008); see also Hensley, 461 U.S. at 437 (stating that the

court's explanation may be "concise," but must also be "clear").

### 1. Resolution Session

First, Ms. Vasey has several entries associated with

the resolution session, which took place on June 20, 2010.

| 6/29/10 | 0.50 | NO CHARGE – Letter to Levin re discrimination 200.00/hr/hr |
| 6/29/10 | 0.50 | NO CHARGE – Email & telephone call re: Resolution session |
| 6/30/10 | 0.50 | Consult w/client re: Settlement Offer |
| 6/30/10 | 2.50 | NO CHARGE – Resolution Session |
| 6/30/10 | 0.50 | Meet w/client re: possible settlement |
| 6/30/10 | 0.40 | Prepare for Settlement Hearing |
| **TOTAL** | **4.90** | |

Ex. A to Mot. at 2-3.  Although Ms. Vasey did not charge her

client for 3.50 hours of this time, the Court finds that none of

the time is recoverable.  The IDEA prohibits the recovery of

attorneys' fees "*relating to* any meeting of the IEP Team,"

11

including resolution session meetings. 20 U.S.C. §
1415(i)(3)(D)(ii) and (iii) (emphasis added). This prohibition
extends to fees incurred for attending the meetings as well as
"any work done in relation to them." Brandon E. v. Dep't of
Educ., Haw., No. CV 07-00536 ACK-LEK, 2008 WL 4602533, at *7-*8
(D. Haw. Oct. 16, 2008) (quoting Hiram C. v. Manteca Unified Sch.
Dist., No. S-03-2568 WBS KJM, 2004 WL 4999156, at *2 (E.D. Cal.
Nov. 5, 2004)). All of counsel's time "relating to" the
resolution session is not compensable. The Court will therefore
deduct 1.40 hours from Ms. Vasey's time.

### 2. Communications with the Court

Second, Ms. Vasey has one entry regarding
communications with the court for 0.30 hours.

| 07/01/11 | 0.30 | Email to/from District Court re: scheduling Settlement Conference |
|----------|------|-------------------------------------------------------------------|
| **TOTAL** | **0.30** | |

Ex. B to Mot. at 3. Communications with the court and reviewing
notices regarding hearings and deadline are clerical and not
compensable. See, e.g., Nicholas M. v. Dep't of Educ., Haw.,
Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21,
2010); Young v. Geico Indem. Co., Civ. No. 08-00171 JMS-KSC, 2009
WL 3049640, at *8 (D. Haw. Sept. 23, 2009); Bandalan v. Castle &
Cooke Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL 1955328,
at *5 (D. Haw. June 30, 2009). The Court will deduct 0.30 hours

12

from the time requested.

### 3.  Inadequate Descriptions

Third, Ms. Vasey has several entries that do not
contain enough information to allow the court to determine the
reasonableness of the hours expended.

| 8/24/10 | 0.20 | Email Reidy regarding status of settlement offer |
|---------|------|--------------------------------------------------|
| 11/12/10 | 4.00 | Begin legal research on appeal opening brief |
| 02/27/11 | 8.00 | Legal Research |
| **TOTAL** | **12.20** | |

Ex. A to Mot. at 1; Ex. B to Mot. at 2-3.  Regarding the first
entry, there is no indication who "Reidy" is in relation to this
matter.  Regarding the other two entries, Plaintiffs' counsel
failed to identify the specific issues she researched while
preparing briefs to the hearings officer and the court.  The
party seeking an award of fees "must describe adequately the
services rendered, so that the reasonableness of the requested
fees can be evaluated."  Local Rule LR54.3(d)(2).  The Local
Rules specifically provide that "entries for legal research must
include an identification of the specific issue researched and,
if possible, should identify the pleading or document for which
the research was necessary."  Id.  The Court will deduct 12.20
hours from the time requested.

### 4. Reduction for Limited Success

Fourth, Defendants contend that the fees awarded should

13

be reduced based on Plaintiffs' limited success in the June 17 Order and in the settlement.  Opp. at 17.  Defendants argue that the June 17 Order did not find in favor of Plaintiffs on any substantive claims.  Id.  Defendants also contend that the settlement had minimal value compared to the total relief sought in Plaintiffs' request for impartial hearing.  Opp. at 17-18. The Court is not persuaded by Defendants' arguments.

Plaintiffs' relative success in the June 17 Order is not relevant because that decision did not confer upon Plaintiffs prevailing party status.  The relevant document is the parties' Settlement Agreement.  Defendants do not allege that Plaintiffs did not prevail upon certain claims in the Settlement Agreement, but instead allege that Plaintiffs' settled for less than they requested in their initial request for hearing.  In the settlement, Plaintiffs obtained tutoring for Student and post-high school training at Defendants' expense.  Ex. A to Decl. in Support of Opp. at 2-3.  Defendants' assertion that this relief is "minimal" is not supported by reference to the record or discussion of the issues.  The Court is not persuaded that Plaintiffs' settlement position requires any reduction in the award of attorneys' fees for partial success.

**5.  Excessive Hours**

Fifth, Defendants contend that several categories of hours claimed by Plaintiffs' counsel are excessive.  Time spent

on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).  The Court will address each category challenged below.

      a.  <u>Administrative Hearing - Case Development</u>

First, Defendants contend that the time spent by Plaintiffs' counsel prior to filing the due process hearing request was excessive.  However, Defendants do not contest specific time entries related to case development.  The Court has reviewed the hours claimed by Ms. Vasey for "case development, administration, and investigation" and declines to reduce the number of hours claimed by Plaintiffs' counsel prior to filing the due process hearing request for excessiveness.

      b.  <u>Administrative Hearing - Closing Brief</u>

Second, Defendants contend that the hours claimed by Plaintiffs for preparing the closing brief for the administrative hearing are excessive.  Opp. at 16-17.  Defendants note that the actual administrative hearing itself only lasted nine hours.  Id. Plaintiffs claim the following hours in relation to drafting the closing brief for the administrative hearing:

| 9/28/10 | 3.00 | Begin Closing Brief-statement of facts |
| 9/29/10 | 9.50 | Closing brief, legal argument |
| 9/30/10 | 3.00 | Closing brief finalize |
| 9/30/10 | 9.20 | Closing brief-Review Argument, edit |

| TOTAL | 24.70 | |
|-------|-------|--|

Ex. A. To Mot. at 3. Although Plaintiffs acknowledge Defendants'
challenge to these hours in their Reply, they do not offer any
explanation regarding the reasonableness of the hours claimed.
Upon review, the Court agrees that hours claimed for preparing
Plaintiffs' written closing brief appear to be excessive given
the nature and length of the administrative hearing. The Court
will deduct 5.00 hours from the time claimed for drafting the
administrative hearing closing brief.

c. <u>Administrative Hearing - Summary Judgment Motion</u>

Third, Defendants argue that Plaintiffs should not be
allowed to recover fees for time spent on working on a summary
judgment motion that was not filed. Opp. at 17.

| 8/18/10 | 2.00 | Begin motion for summary judgment |
|---------|------|-----------------------------------|
| TOTAL   | 2.00 |                                   |

Ex. A to Mot. at 4. The time entry description does not provide
any information regarding the basis for the summary judgment
motion. In their Reply, Plaintiffs do not provide any
explanation of why the time spent on this motion was reasonably
necessary to achieve the results obtained. <u>See</u> <u>Tirona</u>, 821 F.
Supp. at 636 (citations omitted). The Court will deduct 2.00
hours from the time requested by Plaintiffs.

d. <u>Judicial Appeal - Researching and Drafting</u>

Fourth, Defendants argue that the 160 hours spent by

Ms. Vasey preparing the opening and reply briefs for the judicial appeal are excessive because it was a single-issue appeal on whether the administrative hearings officer properly dismissed Plaintiffs' hearing request for lack of subject matter jurisdiction.  Opp. at 17.

Plaintiffs' counsel claims the following time for drafting Plaintiffs' opening brief in this action:

| 2/18/11 | 5.00 | Begin legal argument - outline |
|---------|------|--------------------------------|
| 2/19/11 | 4.30 | Begin Opening Brief-statement of facts |
| 2/19/11 | 6.00 | Begin Argument-re: jurisdiction |
| 2/21/11 | 3.00 | Argument-continue |
| 2/22/11 | 5.00 | Write Argument- re: comp ed |
| 2/23/11 | 2.00 | Write Argument-continue re: comp ed |
| 2/24/11 | 1.50 | Write Argument-re: admin jurisdiction |
| 2/25/11 | 6.00 | Check w/Record-facts |
| 2/25/11 | 2.00 | Edit Opening Brief |
| 2/26/11 | 4.00 | Rewrite Brief SOF |
| 2/27/11 | 2.00 | Finish Argument |
| 2/28/11 | 12.00 | Edit Opening Brief |
| **TOTAL** | **52.80** | |

Ex. B to Mot. at 2-3.

Plaintiffs' counsel claims the following time for drafting and legal research related to Plaintiffs' reply brief:

| 3/28/11 | 2.50 | Review Answer Brief & notate |
|---------|------|------------------------------|
| 3/29/11 | 0.60 | Begin Reply Brief; legal research-cases cited by DOE |

| 4/22/11 | 9.50 | Continue Reply Brief |
|---------|------|----------------------|
| 4/23/11 | 6.00 | Continue Reply Brief |
| 4/24/11 | 6.00 | Finish Reply Brief draft |
| 4/25/11 | 6.00 | Edit and rewrite Reply |
| **TOTAL** | **30.00** | |

Id. at 3.

In response to Defendants' contention, Plaintiffs state that in one other case the court found that 16 hours spent on drafting an opening brief and 13.9 hours spent drafting a reply brief were reasonable.  Reply at 12.  However, Plaintiffs do not offer any explanation why 52.80 hours spent on drafting the opening brief and 30.00 hours spent on the reply brief in this case are reasonable.

In addition to the 52.80 hours spent on drafting the opening brief, Plaintiffs' counsel also claims an additional 46.40[4] hours for legal research over a fourth-month period related to the opening brief:

| 10/21/10 | 2.50 | Research hearing officer jurisdiction |
|----------|------|---------------------------------------|
| 10/23/10 | 3.00 | Review decision and brief research jurisdiction |
| 12/03/10 | 2.50 | Review case law on hand regarding hearing officer jurisdiction |

[4] In total, Plaintiffs' counsel claims 58.40 hours for legal research related to the opening brief.  However, the 11/12/10 entry for 4.00 hours and the 02/27/11 entry for 8.00 hours that were previously disallowed for failure to provide an adequate description are not included here.

| 12/14/10 | 3.00 | Research settlement agreement regarding resolution session agreements |
|----------|------|---|
| 12/15/10 | 4.90 | Research on hearing officer jurisdiction |
| 02/17/11 | 4.80 | Legal Research on a Hearing Officer jurisdiction |
| 02/10/11 | 5.00 | Continue research on jurisdiction |
| 02/21/11 | 5.50 | Legal Research-regarding comp ed |
| 02/22/11 | 5.00 | Legal Research-on comp ed |
| 02/23/11 | 4.00 | Legal Research-settlement agreements as admin cases |
| 02/24/11 | 6.20 | Legal Research-re: individualized education plan goals |
| **TOTAL** | **46.40** | |

Ex. B to Mot. at 2-4.

Overall, the Court finds that the hours claimed by Plaintiffs' counsel for drafting and researching the opening and reply briefs in this action are excessive. The Court will deduct one-half of the hours claimed for drafting and researching Plaintiffs' opening and reply briefs (64.60 hours) from the time requested by Plaintiffs.

### 6. Additional Fees

In Plaintiffs' Supplemental Briefing, Plaintiffs request additional fees of $9,020.00 for 45.10 hours incurred between August 25, 2011, and September 29, 2011, related to drafting Plaintiffs' initial Motion and Reply. See Ex. 1 to Suppl. Briefing at 1-3.

In the initial Motion, which was filed on September 5,

2011, Plaintiffs' counsel stated that "to date of filing" she had spent 10.4 hours of time related to "Settlement and Fee Motion," and claimed additional fees "to date $2,080.00." Mot. at 2. However, in Plaintiff's Supplemental Brief, Plaintiffs' counsel claims that she billed 23.70 hours through September 5, 2011; more than twice the number of hours stated in the initial Motion for the same time period:

| 8/25/11 | 2.00 | Research previous fee award recommendations and orders by J. Kobayashi |
| 8/25/11 | 1.20 | Fee Motion-work on Kerr factor section |
| 8/26/11 | 3.20 | Fee Motion-work on lodestar section |
| 8/26/11 | 4.00 | Fee Motion-work on Legal Argument |
| 8/26/11 | 0.50 | Fee Motion-Prepare Declaration |
| 8/26/1 | 0.50 | Fee Motion-select exhibits/revised |
| 8/29/11 | 0.30 | Review additional Kobayashi decisions |
| 8/26/11 | 0.50 | Edit Dec-Revise Exhibits |
| 8/31/11 | 6.00 | Work on Memoranda Lodestar/Argument |
| 9/3/11 | 5.30 | Finalize Legal Argument |
| 9/4/11 | 0.20 | Review & file |
| **TOTAL** | **23.70** | |

Ex. 1 to Suppl. Briefing at 1-2.

Plaintiffs' counsel states that her previous estimate was based on a review of "contemporaneous pre-invoiced time charges up to August 31, 2011." Suppl. Reply at 4. However, the initial Motion indicates that the estimate was "to date of filing," which was September 5, 2011. The Court finds that

20

Plaintiffs' counsel's explanation of the discrepancy between the 10.40 hours stated in its filing on September 5, 2011, and the 23.70 hours now claimed is insufficient. The Court finds that such a large discrepancy cuts against the reasonableness of the hours requested. Additionally, as Plaintiffs' Reply concedes, Plaintiffs' Motion presented an incorrect factual and legal argument related to Plaintiffs' prevailing party status. See Reply at 3-4. The Court also notes that the analysis in the Motion related to the Lodestar calculation is relatively brief and uncomplicated. See Mot. at 9-12. On whole, the Court finds that the hours related to the Motion are grossly excessive. The Court reduces by two-thirds the number of hours requested related to drafting the Motion and deducts 15.80 hours from the time requested related to drafting the Motion.

Counsel also requests fees for 21.40 hours for researching and drafting the Reply:

| 9/17/11 | 0.50 | Statement of Consultation |
|---------|------|---------------------------|
| 9/20/11 | 0.40 | Review memo in Opposition |
| 9/20/11 | 3.00 | Begin Reply |
| 9/21/11 | 4.00 | Research Legal Argument in Reply |
| 9/22/11 | 7.00 | Write Argument re: research fees & time |
| 9/23/11 | 1.20 | Further research previous fee awards-District Court |
| 9/26/11 | 4.00 | Research prevailing party-continue legal argument |
| 9/29/11 | 1.30 | Finalize & revise legal argument |

| TOTAL | 21.40 | |
|-------|-------|--|

Ex. 1 to Suppl. Briefing at 2-3.

The Court finds that some of the time descriptions are inadequate to determine the reasonableness of the fees requested. See LR54.3(d)(2). Specifically, the entry on September 20, 2011 for "Begin Reply" does not provide the Court with any information regarding the specific task or tasks performed during those three hours. See Ex. 1 to Suppl. Briefing at 2. Additionally, for the entry on September 21, 2011, Plaintiffs' counsel did not identify the specific issue researched. Ex. 1 to Suppl. Briefing at 2. As noted above, the Local Rules provide that "entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary." LR54.3(d)(2). The Court will deduct 7.00 hours from the time requested related to the research and drafting of the Reply.

**7.  Recommendation Regarding Reasonable Hours Spent**

The Court FINDS that the following rate and hours are reasonable:

| PROCEEDING | HOURS | RATE | LODESTAR |
|------------|-------|------|----------|
| Administrative Proceedings | 137.10[5] | $200.00 | $27,420.00 |

---

[5] 145.70 requested – 1.40 for fees associated with resolution session – 0.20 for inadequate description – 5.00 for excessive hours – 2.00 for unfiled motion = 137.10

22

| | | | |
|---|---|---|---|
| General Excise Tax | | | $1,292.03 |
| Federal Appeal | 110.20[6] | $200.00 | $22,040.00 |
| General Excise Tax | | | $1,038.52 |
| Supplemental Request | 22.30[7] | $200.00 | $4,460.00 |
| General Excise Tax | | | $210.07 |
| **TOTAL** | | | **$56,460.62** |

The Court RECOMMENDS that the court award fees in the amount of $56,460.62.

### III.  Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "should be allowed the prevailing party." Fed. R. Civ. P. 54(d)(1); <u>see</u> <u>also</u> 20 U.S.C. § 1415(i)(3)(B)(i)(I).  Plaintiffs request the following costs:

|                     |         |           |
|---------------------|---------|-----------|
| Photocopies         |         | $344.55   |
| Educational Records |         | $75.00    |
| Messengers          |         | $56.54    |
| Filing Fees         |         | $368.00   |
| Parking             |         | $21.00    |
|                     | **TOTAL** | **$865.09** |

<u>See</u> Mem. in Support of Mot. at 14; Ex. A to Mot. at 5, Ex. B to Mot. at 4.  For the costs related to delivery services and court costs, the exhibits states that invoices or receipts are attached.  <u>See</u> Ex. A to Mot. at 5, Ex. B to Mot. at 4.  However,

---

[6] 187.10 requested – 0.30 for communications with the court – 12.0 for inadequate descriptions – 64.60 for excessive billing = 110.20

[7] 45.10 requested – 15.80 for excessive billing – 7.00 for inadequate description = 22.30

no invoices or receipts were included with Plaintiffs' Motion.
See id. Defendants do not challenge any of the costs claimed by
Plaintiffs. Based on its review of Plaintiffs' Motion, the Court
FINDS that all costs were reasonably incurred. The Court
RECOMMENDS that the court award costs in the amount of $865.09.

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion
for an Award of Attorney's Fees and Costs be GRANTED IN PART AND
DENIED IN PART. The Court RECOMMENDS that the district judge
AWARD Plaintiff $56,460.62 in attorney's fees and $865.09 in
costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 28, 2011

Richard L. Puglisi
United States Magistrate Judge

**JUSTIN R., ET AL. V. MATAYOSHI, ET AL., CIVIL NO. 10-00657 LEK-RLP;
AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES & COSTS**