IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN R., by and through his mother JENNIFER R.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawai'i Public Schools; and DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>　　　　Defendants. | CIVIL NO. 10-00657 LEK-RLP |

**ORDER REJECTING THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**

On December 29, 2011, the magistrate judge filed his Amended Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Award of Attorney's Fees and Costs ("Amended F&R"). Defendants Kathryn Matayoshi, in her official capacity as Superintendent of the Hawaii Public Schools, and the Department of Education, State of Hawai`i ("the DOE", both collectively "Defendants") filed their objections to the Amended F&R ("Amended Objections") on January 12, 2012. Plaintiffs Justin R. ("Student"), by and through his mother, Jennifer R. (collectively "Plaintiffs"), filed their response to the Objections ("Amended Response") on January 26, 2012. The Court finds this matter suitable for disposition without a hearing

pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Amended Objections, Amended Response, and the relevant legal authority, the Court HEREBY REJECTS the Amended F&R for the reasons set forth below.

**BACKGROUND**

The parties and the Court are familiar with the factual and legal history of this case, and the Court will only discuss the events that are relevant to the review of the Amended F&R.

In the instant action, Plaintiffs challenge the administrative hearings officer's ("Hearings Officer") Findings of Fact, Conclusions of Law and Decision ("Decision"), filed on October 11, 2010. The Hearings Officer concluded that he lacked subject matter jurisdiction over Plaintiffs' request for impartial hearing ("2009-2010 Request for Impartial Hearing") because Plaintiffs were merely trying to enforce the provisions of a prior settlement agreement with the DOE ("2010 Settlement Agreement") and were not challenging the identification, evaluation or educational placement of Student or the provision of a free and appropriate public education ("FAPE"). Justin R. v. Matayoshi, Civil No. 10-00657 LEK-RLP, 2011 WL 2470624, at *5 (D. Hawai`i June 17, 2011).

On June 17, 2011, this Court issued its Order Affirming in Part and Reversing in Party the Hearings Officer's October 11,

2

2010 Decision ("Remand Order"), affirming the Decision to the extent that it dismissed the portion of Plaintiffs' 2009-2010 Request for Impartial Hearing seeking to enforce the 2010 Settlement Agreement. Id. at *15. The Court also reversed the Decision to the extent that it dismissed: 1) the portion of Plaintiffs' 2009-2010 Request for Impartial Hearing alleging that Student's March 3, 2009 individualized educational program ("IEP") and October 28, 2009 IEP did not provide a FAPE; and 2) the portion of the 2009-2010 Request for Impartial Hearing challenging the failure to review Student's math and reading goals. Id. The Court urged that, on remand, "the [Department of Commerce and Consumer Affairs ("DCCA")] expedite this matter to the fullest extent possible because Student has either graduated or will graduate at the end of the 2010-2011 extended school year." Id.

Before the district court returned the record to the DCCA for the remand, however, the magistrate judge held a settlement conference on July 6, 2011. The minutes of the settlement conference state, *inter alia*: "Case is settled. Counsel shall file within 30 days a stipulation of settlement to have the Court determine reasonable attorneys fees if any, recoverable by Plaintiff." [Dkt. no. 34.] On July 18, 2011, the magistrate judge approved and filed a Stipulation for Retention of Jurisdiction on the Issue of Attorney's Fees and Costs and

3

Order ("Stipulation and Order"). [Dkt. no. 36.] It states, in its entirety:

> WHEREAS, a verbal settlement was reached by the parties at the settlement conference held in this matter with the Honorable Richard L. Puglisi on July 6, 2011;
> WHEREAS, the settlement does not include Plaintiffs' claim for an award of their reasonable attorney's fees and costs;
> NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their respective undersigned attorneys, and with the approval of the Court, that the Court shall retain jurisdiction to determine the issue of Plaintiffs' entitlement to reasonable attorney's fees and costs, if any.

[Id. at 2.] The parties did not put the terms of the settlement on the record or submit a stipulation for the dismissal of Plaintiffs' claims, and the district court did not enter a judgment.

On September 5, 2011, Plaintiffs filed their Motion for Award of Attorney's and Costs ("Fee Motion").[1] On November 18, 2011, after briefing by the parties, the magistrate judge filed his Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Award of Attorney's Fees and Costs ("F&R"). The magistrate judge found that Plaintiffs are the prevailing party for purposes of the Individuals with Disabilities Education Act of 2004 ("IDEA") based on the parties'

---

[1] Neither the parties nor the district court filed any documents in this case between the Stipulation and Order and the Fee Motion.

agreement to settle the instant action ("the CV 10-00657 Settlement Agreement") and concluded that they are entitled to reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). [F&R at 5-7.] The magistrate judge recommended an award of $51,790.55 in attorneys' fees and $865.09 in costs, but allowed the parties to submit supplemental briefing regarding Plaintiffs' request for additional fees and costs beyond the time period Plaintiffs addressed in the Fee Motion. [Id. at 19-20.] Defendants filed objections to the F&R on December 2, 2011 ("Objections"), and Plaintiffs filed a response to the Objections on December 12, 2011 ("Response").

The magistrate judge issued the Amended F&R after the parties filed their supplemental briefs. The Amended F&R includes the same prevailing party analysis, [Amended F&R at 6-8,] but the magistrate judge increased the recommended award to $56,460.62 in attorneys' fees and $865.09 in costs [id. at 23-24].

## I. Defendants' Amended Objections

In their Amended Objections, Defendants incorporate by reference the factual and legal arguments in their Objections and their December 12, 2011 response to Plaintiffs' supplemental fee request, which Plaintiffs filed on November 28, 2011. [Amended Objections at 2.] Defendants argue that the CV 10-00657 Settlement Agreement does not render Plaintiffs the prevailing

5

party for purposes of an award of attorneys' fees and costs. Defendants acknowledge that their obligations under the CV 10-00657 Settlement Agreement constitute a material alteration in the parties' relationship. [Id. at 11.] Defendants, however, argue that the CV 10-00657 Settlement Agreement does not render Plaintiffs the prevailing party because it lacks a sufficient judicial *imprimatur* on the alteration of the parties' relationship. Further, Defendants argue that, if the Court is inclined to award attorneys' fees and costs to Plaintiffs, the recommended attorneys' fee award in the Amended F&R is excessive. Defendants state that they have the same objections to Plaintiffs' original fee request that they raised in the Objections, and they argue that the amount of the supplemental attorneys' fees that the magistrate judge recommended is excessive because the magistrate judge did not apply a reduction based on Plaintiffs' limited success in the case.

## II. **Plaintiffs' Amended Response**

In their Amended Response, Plaintiffs emphasize that a judgment on the merits and a consent decree are not the only ways that a party can obtain a sufficient judicial *imprimatur* on a change in his relationship with the opposing party to warrant prevailing party status for purposes of an award of attorneys' fees and costs. Plaintiffs argue that, pursuant to Ninth Circuit case law, a district court can find a judicial *imprimatur* on a

legally enforceable settlement agreement where the parties stipulate to the court's continued jurisdiction over the issue of attorneys' fees.  Further, Plaintiffs argue that this Court should grant the full award of attorneys' fees and costs that the magistrate judge recommended, and that this Court should not apply any further reductions to Plaintiffs' fee request.

**STANDARD**

Defendants timely filed the Amended Objections pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 74.2.  This Court must undertake a de novo review of the portions of the Amended F&R to which Defendants objected.  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  § 636(b)(1).  A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1025 (D. Haw. 1999) (citing Ness v. Commissioner, 954 F.2d 1495, 1497 (9th Cir. 1992)).

**DISCUSSION**

The Amended F&R set forth the following summary of the applicable law regarding the award of attorneys' fees and costs in IDEA cases:

> Under IDEA a prevailing party is entitled to seek attorney's fees and costs.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I) ("the court, in its discretion, may award reasonable attorneys' fees

7

> as part of the costs . . . to a prevailing party who is the parent of a child with a disability."). Generally, parties are considered prevailing parties if "they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). "The success must materially alter the parties' legal relationship, cannot be de minimis and must be causally linked to the litigation brought." Van Duyn v. Baker Sch. Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007) (citing Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994); Park v. Anaheim Union High Sch. Dist., 464 F.3d 1025, 1034-37 (9th Cir. 2006)). Additionally, the change in the parties' legal relationship must be judicially sanctioned. See P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir. 2007) (citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001)).

[Amended F&R at 6 (alteration in Amended F&R).] This Court agrees with the magistrate judge's recitation of the applicable law.

The Court's review of Defendants' objections begins with an examination of the Stipulation and Order that the magistrate judge approved. "The power of federal magistrate judges is limited by 28 U.S.C. § 636." Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993) (citation omitted). To the extent that the Stipulation and Order purported to determine the district court's jurisdiction over this case, the magistrate judge lacked the authority to enter the order. Cf. PSC Indus. Outsourcing, LP v. Burlington Ins. Co., Civ. No. 10-00751 ACK-BMK, 2011 WL 1793333, at *3 (D. Hawai`i May 10,

2011) ("This Court treats a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge." (citing <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008); <u>Sylvester v. Menu Foods, Inc.</u>, Civ. No. 07-00409 ACK-KSC, 2007 WL 4291024, at *2 (D. Haw. Dec. 5, 2007)). This Court, however, HEREBY construes the Stipulation and Order as a findings and recommendation and ADOPTS the Stipulation and Order.

Turning to the content of the Stipulation and Order, although it notes in a recital paragraph that the parties reached a verbal settlement, it does not dispose of any of Plaintiffs' claims or direct the parties to submit a stipulation to dismiss for court approval. The only action taken in the document is the parties' agreement and the magistrate judge's order to retain jurisdiction over the issue of attorneys' fees and costs. Further, there is insufficient information in the Stipulation and Order for this Court to independently approve the CV 10-00657 Settlement Agreement as resolving Plaintiffs' claims. "Typically, [t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." <u>O'Neil v. Bunge Corp.</u>, 365 F.3d 820, 822 (9th Cir. 2004) (alteration in original) (citations and internal quotation marks omitted). "Where the evidence in the record shows that all the essential elements of a

contract are present, a compromise agreement among the parties in litigation may be approved by the court and cannot be set aside except on grounds that would justify rescission." Miller v. Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (Ct. App. 1991) (citation omitted). At the time the magistrate judge entered the Stipulation and Order, there was no evidence in the record of the terms of the CV 10-00657 Settlement Agreement,[2] except that the agreement did not include a determination whether Plaintiffs are entitled to attorneys' fees and costs. Nor are there any findings by the magistrate judge regarding the circumstances of the CV 10-00657 Settlement Agreement. This Court therefore cannot find that all of the requisite elements of a contract are present.

Thus, the Stipulation and Order does not dispose of any of Plaintiffs' claims on the merits; the parties never filed a stipulation for dismissal; and the Court cannot, based on the record prior to Plaintiffs' Fee Motion, approve the CV 10-00657 Settlement Agreement. Under these circumstances, this Court's

---

[2] The Court notes that Defendants submitted a copy of the parties' Compromise and Settlement Agreement as an exhibit with their memorandum in opposition to the Fee Motion. [Filed 9/19/11 (dkt. no. 40-2).] The Court, however, declines to consider the content of that exhibit for any purpose beyond that for which Defendants presented it - the issue of whether Plaintiffs are the prevailing party for purposes of an award of attorneys' fees. There is no indication that, by submitting the exhibit, Defendants intended that this Court would consider the exhibit for the purposes of approving the CV 10-00657 Settlement Agreement and incorporating its terms into a court order.

June 17, 2011 Remand Order remains the only court order addressing the disposition of Plaintiffs' claims.  The Remand Order remanded the case to the DCCA for a new hearings officer[3] to rule upon the issues of the alleged denial of FAPE and the failure to review Student's math and readings goals.  Although those issues are separable legal issues from the issue whether the Hearings Officer had subject matter jurisdiction over the portion of Plaintiffs' 2009-2010 Request for Impartial Hearing seeking enforcement of the 2010 Settlement Agreement, this Court's Remand Order was not a final and appealable order because it does not force the DCCA to apply a potentially erroneous rule which may result in a wasted proceeding, and the parties would not be denied review if an immediate appeal of this Court's Remand Order were unavailable.  See Aliah K. ex rel. Loretta M. v. Hawaii, Dep't of Educ., 788 F. Supp. 2d 1176, 1190-91 (D. Hawai`i 2011).  Under the Remand Order, this case would be effectively stayed pending the resolution of the remand, and this Court would consider the decision on remand and render a final decision thereafter.  The judgment entered pursuant to that decision would be final and appealable.  See id. at 1190.

        Insofar as the remand to the DCCA would not divest this district court of jurisdiction over the case, the Stipulation and

---

[3] Since issuing the Decision, the Hearings Officer had left the DCCA, requiring the DCCA to assign the case to a new hearings officer on remand.  Remand Order, 2011 WL 2470624, at *14.

Order, which merely states that the district court shall retain jurisdiction over the issue of attorneys' fees and costs, has no effect. Retaining jurisdiction over the issue of attorneys' fees and costs was unnecessary because this Court had not lost jurisdiction over the case in the first instance.

The Amended F&R relies upon the Stipulation and Order as providing the requisite judicial *imprimatur* on the CV 10-00657 Settlement Agreement to render Plaintiffs the prevailing party for purposes of an award of attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i)(I). [Amended F&R at 6-8.] The Court HEREBY REJECTS the Amended F&R's finding that Plaintiffs are the prevailing party because the Stipulation and Order, which has no effect, does not constitute a judicial sanction of the change in the parties' relationship.

Further, under the circumstances of this case where, other than the Remand Order, there is no court order disposing of Plaintiffs' claims, the Court FINDS that there is no judicial sanction of the change in the parties' relationship. The Court also FINDS that Plaintiffs are not the prevailing party for purposes of § 1415(i)(3)(B)(i)(I). The Court therefore CONCLUDES that Plaintiffs are not entitled to an award of attorneys' fees and costs under the IDEA. In light of this Court's conclusion, the Court need not reach the remainder of Defendants' objections to the Amended F&R.

**CONCLUSION**

On the basis of the foregoing, the magistrate judge's Amended Findings and Recommendation to Grant in Part and Deny in Part Plaintiffs' Motion for Award of Attorney's Fees and Costs, filed December 29, 2012, are HEREBY REJECTED. Plaintiffs' Motion for Award of Attorney's and Costs, filed September 5, 2011, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 23, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JUSTIN R., ET AL. V. KATHRYN MATAYOSHI, ET AL; CIVIL NO. 10-00657 LEK-RLP; ORDER REJECTING THE MAGISTRATE JUDGE'S AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS**